UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

ADRIANELLY LARUE, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

TAWKIFY, INC., a Foreign Profit Corporation, and KELLIE AMMERMAN, individually

    Defendants.
_____/

Case No. 0:23-cv-61686-WPD

### JOINT MOTION TO CONFIRM ARBITRATOR'S CONSENT ORDER AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, ADRIANELLY LARUE, and Defendants, TAWKIFY, INC. and KELLIE AMMERMAN, hereby file this Joint Motion to Confirm Arbitrator's Consent Order and for Dismissal with Prejudice and state:

1. On or about August 30, 2023, Plaintiff filed a collective action Complaint asserting two counts under the Fair Labor Standards Act of 1938 ("FLSA") the against Defendants: (1) violation of 29 U.S.C. § 207 and (2) violation of 29 U.S.C. § 206. Plaintiff's claims arose from her independent contractor relationship with Defendants. Plaintiff claimed that she, and others similarly situated, were misclassified as independent contractors and, as a result, Plaintiff, and others similarly situated, were not paid minimum wage or overtime in accordance with the FLSA. [D.E. 1 at ¶¶ 104, 114, 117].

2. Plaintiff's service relationship with Defendants was governed by the terms and conditions of a Consulting Agreement and a Mutual Agreement to Arbitrate that included a requirement to arbitrate all covered claims. [D.E. 7-1]. Pursuant to the terms of the Mutual Agreement to Arbitrate, the claims asserted in the Complaint were subject to binding arbitration. Moreover, Plaintiff agreed to address any issues relating to her relationship or cessation of said relationship between herself and Defendants on an *individual* (as opposed to a class-wide or collective-wide) basis.

3. Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* ("FAA"), Defendants moved this Court to stay these proceedings, compel arbitration of Plaintiff's claims on an individual basis, and dismiss all collective and class action claims with prejudice. [D.E. 7]

4. On January 8, 2024, this Court granted Defendants' unopposed motion and dismissed Plaintiff's collective and class action claims. This action was stayed as to Plaintiff's individual claims and the parties were compelled to arbitrate. [D.E. 13].

5. As noted in the parties' May 2, 2024, Joint Status Report [D.E. 14], they subsequently engaged in settlement discussions.

6. The parties have successfully resolved their dispute and a Consent Order approving the parties' settlement has been entered by Arbitrator Kelly Overstreet Johnson. *See attached* **Exhibit A**.

7. Pursuant to Section 7 of the parties' Mutual Agreement to Arbitrate Claims, any relief to which Plaintiff is entitled from claims arising out of her independent contractor relationship shall be limited to that awarded by the Arbitrator. [D.E. 7-1 at pg. 3]

8. Accordingly, the parties jointly move this Court to confirm the Arbitrator's Consent Order and dismiss this action with prejudice.

WHEREFORE, Plaintiff, ADRIANELLY LARUE, and Defendants, TAWKIFY, INC. and KELLIE AMMERMAN, jointly move this Court for an Order confirming Arbitrator's Consent Order and dismissing this action with prejudice.

Respectfully submitted,

| CELLAR LEGAL | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| */s/ Noah E. Storch* | |
| Noah E. Storch, Esq. | */s/ Ginger Barry Boyd* |
| Florida Bar Number: 85476 | Ginger Barry Boyd, Esq. |
| noah@floridaovertimelawyer.com | Florida Bar Number: 294550 |
| 10368 W. SR 84, Suite 103 | ginger.boyd@nelsonmullins.com |
| Davie, Florida 33324 | 215 S. Monroe Street, Suite 400 |
| Tel. 866-344-9243, ext. 106 | Tallahassee, FL 32301 |
| Fax. 954-337-2771 | Tel. 850-907-2556 |
| | Fax. 850-681-9792 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |